IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 3:08-00203

AARON MONROE

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Withdraw Guilty Plea (doc. 38). For the following reasons, the Court **DENIES** the motion.

### I. FACTS

Defendant Aaron Monroe was indicted on five counts on September 24, 2008, including possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) and knowingly carrying a firearm during and in relation to a drug trafficking crime in violation of 924(c)(1)(A). On December 15, 2008, Defendant pled guilty to these counts, which appeared in the indictment as count four and count five, respectively.

These counts stem from Defendant's arrest on January 24, 2007. According to the criminal complaint submitted by Defendant, the arresting officer pulled over Defendant's vehicle after he observed it traveling with its registration lights out. A check of Defendant's driver's license status revealed that he had an outstanding warrant for passing a worthless check. The officer searched Defendant prior to placing him in the police car and found a cut straw consistent with use for snorting drugs, a portion of a "baggie" with a white powdery substance, and a total of $998 contained in both front pockets. The officer then searched Defendant's vehicle. This search

revealed the cocaine and nine-millimeter handgun that serve as the basis for counts four and five, respectively.

## II. LEGAL STANDARD

Under Fed. R. Crim. P. 11(e), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden of making this showing, and the determination rests with the discretion of the district court. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). "'Evidentiary hearings should be liberally granted prior to sentencing'" if requested by the defendant, but the district court may first require that the defendant present "a fair and just reason for requesting the withdrawal," as provided in Rule 11(e). *Id.* (quoting *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985)).

## III. DISCUSSION

Courts typically consider six factors to determine whether a defendant has shown a fair and just reason for requesting a withdrawal of a guilty plea. These factors are:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary, (2) whether the defendant has credibly asserted his legal evidence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.*

In this case, all of these factors weigh in favor of denying Defendant's request. First, Defendant has not even argued, let alone "offered credible evidence," that his plea was not knowing or voluntary. *Id.* Defendant acknowledges "[t]hat he and his counsel were provided discovery by the government," including the criminal complaint regarding the arrest that led to Defendant being charged in counts four and five of the indictment. *Defendant's Motion to Withdrawal* [sic] *Guilty Plea*, at ¶ 1. Moreover, Defendant states that both he and his counsel reviewed the criminal complaint and other discovery provided by the Government and that they were aware that the cocaine and handgun had been recovered from the vehicle without a warrant. However, based on Supreme Court and Fourth Circuit precedent, the decision was made not to file a motion to suppress this evidence. Rather, Defendant pled guilty to counts four and five after the Court advised him of his rights and the consequences of entering a guilty plea. The Court found Defendant's plea to be knowing and voluntary at that time and continues to stand by that determination.

Second, Defendant has not asserted his legal innocence, credibly or otherwise. The import of Defendant's present motion is that he may have filed a motion to suppress based on the recent Supreme Court ruling in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), had that case been decided prior to his plea. Essentially, he claims that the law regarding the legality of the search has been clarified or changed, not that he is innocent of the underlying charges. Notwithstanding Defendant's arguments, his plea constitutes a sufficient basis for the Court's finding of guilt. According to the Supreme Court:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily

> confined to whether the underlying plea was both counseled and voluntary.

*United States v. Broce*, 488 U.S. 563, 569 (1989). Moreover, the Supreme Court's decision in *Gant* has been held not to constitute "a fair and just reason for requesting the withdrawal" of a guilty plea, at least not where the Government has not so conceded.[1] FED. R. CRIM. P. 11(e). *Compare United States v. Mays*, No. 08-CR-171, 2009 WL 536912 (E.D. Wis. Mar. 3, 2009) (finding that where the "sole reason for seeking withdrawal is so that [the defendant] can take advantage of a possible change in the law governing the actions of law enforcement in the course of conducting an arrest of the occupant of a vehicle [i.e., *Gant*] . . . , this does not constitute a fair and just reason to withdraw the plea") *with United States v. Williams*, No. 08-20469-BC, 2009 U.S. Dist. LEXIS 48077 (E.D. Mich. June 5, 2009) (permitting the defendant to withdraw his guilty plea where the Government conceded that *Gant* provided a fair and just reason for withdraw).

The third consideration is "whether there has been a delay between the entering of the plea and the filing of the motion." *Moore*, 931 F.2d at 248. Here, Defendant pled guilty on December

---

[1] In *Gant*, the Supreme Court appeared to limit the authority of law enforcement to conduct a search incident to arrest in the context of a vehicle stop. The Court found: "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 129 S. Ct. at 1723. Here, Defendant was arrested on an outstanding warrant for passing a worthless check. The search of his person incident to arrest revealed evidence of drug dealing, including a cut straw of the type commonly used to snort drugs, a portion of a "baggie" containing a white powdery substance, and a large amount of cash contained in different pockets. Therefore, the arresting officer may have had authority to search Defendant's vehicle for evidence of drug dealing, even after *Gant*. While this Court does not consider whether *Gant* would support suppression of the cocaine and handgun recovered from Defendant's vehicle, it is also not at all clear to this Court that *Gant* supports the argument that Defendant suffered any violation of his constitutional rights. This case is not one in which a defendant has presented evidence of a dramatic shift in Supreme Court precedent, such that a court would be compelled to find a violation had the shift preceded the plea. That situation not being before the Court, the scope of *Gant* need not be addressed.

15, 2008, but did not file his motion to withdraw this plea until over five months later, on May 22, 2009. *See id.* (describing six weeks as a "long delay[]"). Moreover, it appears from the presentence report that Defendant's original sentencing hearing was rescheduled from April 6, 2009 to June 29, 2009 because he absconded from supervision. *Gant* was decided in the interim, on April 21, 2009. The Court finds that Defendant's substantial delay in filing the instant motion weighs in favor of denying it.

Considering the next two factors, there is nothing to indicate that Defendant's counsel has not performed competently, and permitting Defendant to withdraw his guilty plea would cause some prejudice to the Government, at least insofar as it would then be forced to proceed to a hearing on Defendant's motion to suppress and, perhaps, a trial.

Finally, allowing Defendant to withdraw would "inconvenience the court and waste judicial resources." *Moore*, 931 F.2d at 248. Defendant's plea agreement provides: "Mr. Monroe agrees that if he withdraws from this agreement . . . and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the 'Stipulation of Facts'" at trial. *Defendant's Plea Agreement*, at ¶ 9. This stipulation provides that Defendant "knowingly and intentionally possessed with intent to distribute 7.9 grams of cocaine" while in possession of the nine-millimeter handgun. *Id.* at Ex. A. In the stipulation, Defendant further agrees that he distributed 123 grams of cocaine between January 2006 and January 2007. *Id.* Thus, Defendant's anticipated motion to suppress would merely seek to exclude evidence that is admissible on other grounds. In light of Defendant's plea agreement and the accompanying "Stipulation of Facts," the motion hearing would serve no purpose. Defendant should not be permitted to withdraw his guilty plea.

## III. CONCLUSION

Pending before the Court is Defendant's Motion to Withdraw Guilty Plea (doc. 38). For the foregoing reasons, the Court **DENIES** the motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and Defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER: June 18, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE